USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CINDY GARCIA,

                                    Plaintiff,

                -against-

MARC TETRO, INC., AND MARC TETRO,

                                 Defendants.
-------------------------------------------------------------- X

18-CV-10391 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      In this national origin discrimination case, Plaintiff Cindy Garcia concedes that Defendant Marc Tetro, Inc. is not an "employer" as defined under Title VII of the Civil Rights Act of 1964 ("Title VII") because it did not have fifteen or more employees for at least twenty weeks in the relevant year. *See* Pl. Br. (Dkt. 33) at 1; *see* 42 U.S.C. § 2000e(b). Plaintiff asks the Court to dismiss her remaining state law claims without prejudice, so as to allow her to re-file those claims in state court, if she so chooses. Defendants, disavowing the relief requested in their opening memorandum of law, now oppose that request and ask this Court to exercise supplemental jurisdiction over the state law claims because litigation in state court would be unduly burdensome. *See* Defs. Reply (Dkt. 34) at 3. Although the Court is not unsympathetic to Defendants' position, because the sole basis for federal jurisdiction has dissipated prior to full briefing and adjudication of Defendants' motion for summary judgment, the Court declines to exercise supplemental jurisdiction. The case is dismissed as set forth below.

## BACKGROUND

Garcia alleges that Defendants fired her in 2017 because of her national origin, citing Tetro's comments that English was not Garcia's "mother tongue" and that Garcia needs to consider her accent as she explores future employment. *See* Compl. (Dkt. 1) ¶¶ 15–16. On November 8, 2018, she commenced this action, alleging violations of Title VII (42 U.S.C. § 2000e-2), the New York State Human Rights Law (N.Y. Exec. Law § 296(1)(a)), and New York City Human Rights Law (N.Y.C. Admin. Code § 8–107(1)(a)). *See* Compl. (Dkt. 1) ¶ 1. Federal jurisdiction was premised on the existence of a federal question (Garcia's Title VII claim) and supplemental jurisdiction over the related New York claims. *See id.* ¶ 2. There is not complete diversity of citizenship between the parties. *See id.* ¶¶ 5–6.

On December 6, 2019, following the close of fact discovery, Defendants moved for summary judgment, arguing for the first time that they do not meet the definition of an "employer" under Title VII because they did not maintain fifteen or more employees during the relevant time period. *See* Defs. Br. (Dkt. 32) at 5. In addition to claiming that Garcia was not subjected to discrimination, Defendants also argued that the Court should decline to exercise supplemental jurisdiction over the remaining claims if the Title VII claim were dismissed. *Id.* at 7.

Rather than opposing Defendants' motion, Garcia agreed "that Defendants['] arguments are proper and that the Title VII claim[] [is] properly dismissed based on the failure of Defendants to have 15 or more employees for the necessary amount of time to be covered by Title VII." Pl. Br. (Dkt. 33) at 1. Garcia further requested that the Court "for the sake of efficiency and judicial economy . . . decline the exercise of supplemental jurisdiction" over the non-federal claims, so that she may "pursue her state and city claims in state court." *Id.* at 2.

Defendants then reversed course. Rather than accept the relief sought in their motion for summary judgment, Defendants now argue, contrary to their opening position, that this Court should exercise supplemental jurisdiction over Plaintiff's non-federal claims. *See* Defs. Reply (Dkt. 34) at 3.

**DISCUSSION**

**A. Plaintiff's Title VII Claim**

"An employer is not covered by Title VII unless it employs 'fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.'"[1] *Drescher v. Shatkin*, 280 F.3d 201, 202–03 (2d Cir. 2002) (quoting 42 U.S.C. § 2000e(b)). Because Plaintiff agrees that Defendants are not covered by Title VII, Defendants' motion for summary judgment on this issue is deemed unopposed. But even "[a]n unopposed summary judgment motion may [] fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242, 244 (2d Cir. 2004) (citation omitted).

The undisputed facts in this case show that Defendants are entitled to judgment as a matter of law as to Plaintiff's Title VII claim. Defendants have provided timesheets that demonstrate that they did not employ fifteen or more employees for at least twenty weeks in 2016 or 2017. *See* Dkts. 32-1, 32-2, 32-3. Because there is no contrary evidence in the record, the Court concludes that there is no genuine dispute of material fact that Defendants are not "employers" within the meaning of Title VII.

---

[1] Contrary to Plaintiff's suggestion in her response to the summary judgment motion, the fifteen-employee requirement is not jurisdictional. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.").

Defendants' motion for summary judgment is, therefore, granted as to Plaintiff's Title VII claim.

**B. Plaintiff's Non-Federal Claims**

Because complete diversity is lacking in this case, Plaintiff may pursue her claims under New York law in this Court only if those claims fall within the Court's supplemental jurisdiction. A federal court may exercise supplemental jurisdiction over state law claims only if they are so related to a claim over which the Court has original jurisdiction, "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Disputes are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted). In this case, there is no question that all of Plaintiff's claims derive from a common nucleus of operative fact, as they all arise from the allegedly discriminatory nature of her termination.

The Court may nevertheless decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 445–46 (2d Cir. 1998). In particular, Section 1367(c)(3) allows the district court to decline to exercise jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision is discretionary, however, and the Second Circuit has instructed district courts to carefully consider whether exercising supplemental jurisdiction would be contrary to the values of judicial economy, convenience, fairness, and comity. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).

### (i) Judicial Economy

Judicial economy favors declining jurisdiction because this case has not progressed beyond summary judgment—indeed, Defendant's motion for summary judgment is not yet fully briefed. The Second Circuit has held, as a general proposition, that "if [all] federal claims are dismissed *before trial* . . . , the state claims should be dismissed as well." *Castellano v. Bd. of Trustees,* 937 F.2d 752, 758 (2d Cir. 1991) (emphasis added) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("In the usual case in which all federal-law claims are eliminated before trial in federal court, the balance of judicial economy, convenience, fairness, and comity, to be considered under the pendent jurisdiction doctrine, will point toward the federal court declining to exercise jurisdiction over the remaining state-law claims.") (citation omitted) . Thus, district courts routinely decline to exercise jurisdiction over related state claims once summary judgment is granted for the defendant on all of the federal claims. *See, e.g.*, *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 107 (2d Cir. 1998) (affirming district court's decision to decline supplemental jurisdiction after granting summary judgment); *Espinoza v. New York City Dep't of Transportation*, 304 F. Supp. 3d 374, 391 (S.D.N.Y. 2018) ("Courts in this District routinely decline to exercise supplemental jurisdiction over a plaintiff's NYCHRL claims after dismissing all federal claims." (collecting cases)); *Brooklyn Heights Ass'n v. Nat'l Park Serv.*, 818 F. Supp. 2d 564, 571 (E.D.N.Y. 2011) (declining supplemental jurisdiction after granting summary judgment as to federal claims).

Although district courts have sometimes retained supplemental jurisdiction to decide a claim under New York State Human Rights Law because the standard for discrimination is identical to that of Title VII, courts have typically done so after fully assessing the merits of the

Title VII claim. *See, e.g.*, *Mendez-Nouel v. Gucci Am., Inc.*, No. 10 CV-3388, 2012 WL 5451189, at *17 (S.D.N.Y. Nov. 8, 2012) ("[T]he standards of liability are identical under Title VII and the NYSHRL. Forcing [Defendant] to defend against [Plaintiff's] NYSHRL claims in state court, when this Court has already invested the judicial resources to resolve them, does not advance the interests of judicial economy, convenience, or fairness."). Here, the Court has not yet assessed whether a jury could reasonably determine that Defendants discriminated against Garcia, as briefing on the summary judgment motion on that issue is not yet compete. As such, there is no loss of judicial efficiency if the state court were to rule on Defendants' motion for summary judgment. And finally, this case has not otherwise required the expenditure of significant resources by this Court, as there have been no other pre-trial motions or disputes. Because this case remains at an early stage of the litigation, judicial economy strongly favors dismissal.[2]

**(ii)   Convenience**

Convenience to the parties does not support retention of jurisdiction. Although Defendants argue that relitigating this case in state court would be "prohibitively expensive," they do not support that proposition with any specifics. *See* Defs. Reply (Dkt. 34) at 3. Furthermore, Defendants failed to explain why, if litigation in state court would be prohibitively expensive, their opening brief asked the Court to decline to exercise supplemental jurisdiction over Plaintiff's non-federal claims, which would necessarily entail a dismissal without prejudice. And finally, the discovery completed in this case, as well as defense counsel's legal research, would presumably be transferable to state court, should Plaintiff re-file her claims, and

---

[2]   The Court further notes that a contrary rule could allow parties to manufacture federal jurisdiction. That is, a plaintiff could initiate a federal suit, and the employer could immediately realize that it falls outside the scope of Title VII but refrain from raising the issue until summary judgment because the employer prefers to litigate in federal court.

Defendants have not argued to the contrary. For those reasons, while the Court is sympathetic to Defendants' frustration at the possibility of being required to shift to another forum, that potential is present in every case in which supplemental jurisdiction is declined, and Defendants have not made an exceptional showing of inconvenience.

### (iii) Fairness

Fairness is a neutral factor. Defendants argue that it would be unfair for the Court not to exercise supplemental jurisdiction because it will "rob" them of the benefits of the federal court's speed and efficiency, and because Plaintiff has previously dismissed her administrative action before the New York State Division of Human Rights. *See* Defs. Reply (Dkt. 34) at 2–3; Dkt. 34-1. Defendants' "speed and efficiency" argument falls flat because they have been in possession of their own personnel records since the lawsuit was filed and yet waited nearly a year before asserting that they do not qualify as an "employer" under Title VII. While allowing Plaintiff to file her claims in a third forum might seem unfair at first blush, her proposal provides Defendants with the exact relief that Defendants sought in their motion for summary judgment. *See* Defs. Br. (Dkt. 32) at 7 ("The court should dismiss the pendant state claims under [28] USC §1367(c) because the federal question upon which Plaintiff relies for federal jurisdiction should be dismissed."). For these reasons, considerations of fairness do not justify the exercise of supplemental jurisdiction.

### (iv) Comity

Comity also favors declining jurisdiction in this case. Because the New York City Human Rights Law defines discrimination more broadly and requires a separate analysis from that of Title VII, courts in this circuit have found that comity warrants deference to state courts once all federal claims are dismissed. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,

715 F.3d 102, 109 (2nd Cir. 2013) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims."); *Espinoza*, 304 F. Supp. 3d at 391 ("[C]omity counsels against exercising jurisdiction over a plaintiff's NYCHRL claims, as the NYCHRL has a lower threshold of proof than its federal counterparts and has been applied primarily at the intermediate appellate level of the state courts, with limited opportunity for the New York Court of Appeals to construe it." (citing *Harris v. NYU Langone Med. Ctr.*, No. 12-CV-0454, 2014 WL 941821, at *2 (S.D.N.Y. Mar. 11, 2014))).

\* \* \*

The Court therefore concludes that exercising supplemental jurisdiction would not promote the values of judicial economy, convenience, fairness, and comity.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED as to Plaintiff's Title VII claim (Count I of the Complaint). The remaining claims are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of Court is respectfully directed to terminate all pending deadlines and motions and close the case.

**SO ORDERED.**

Date: **March 2, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**